Dear Mr. Dartez:
Your request for an Attorney General's opinion regarding the provisions of Louisiana Acts 2002, 1st Extraordinary Session, No. 123 has been assigned to me for research and reply.
Question No. 1
 1. Pursuant to R.S. 18:532(B) precinct boundaries are required to coincide with visible features. Pursuant to R.S. 18:532.1(G) a parish governing authority may, under certain circumstances and during the period September 1, 2001 through March 1, 2002, divide precincts to facilitate local redistricting. Pursuant to R.S. 18:532.1(C) the division of a precinct by the parish governing authority must be reviewed and approved by the secretary of the Senate and the clerk of the House of Representatives, or their designees, to determine whether the division of the precinct coincides with a visible census tabulation boundary. In the event that a parish governing authority divides a precinct during the time period provided, then a review of the division determines that the division does not coincide with a visible census tabulation boundary, may the parish governing authority amend the division to coincide with the closest applicable visible census tabulation boundary, despite the amendment being adopted outside of the time period for the division of precincts? What is the effect on the viability of the two precincts if the division is not amended?
With regard to changing precinct boundaries by a parish governing authority, R.S. 18:532.1 provides:
 B.(1) A parish governing authority shall change a precinct only by dividing the precinct into two or more precincts
* * *
 (3) Any establishment, division, or consolidation of precincts as provided in Paragraphs (1) and (2) herein shall be considered a change in precinct boundaries and shall be subject to the requirements of this Section.
 C.(1) The parish governing authority shall comply with the provisions of R.S. 18:532(A), (B), (C) and (E) when changing any precinct boundary.
 (2)(a) In determining features to be used as precinct boundaries, the parish governing authority shall consult with the secretary of the Senate and the clerk of the House of Representatives or their designees. The parish governing authority shall submit proposed changes in precinct boundaries to the secretary and the clerk or their designees on United States Bureau of the Census maps prepared for the next federal decennial census and, where practicable, by electronic medium. No change in a precinct boundary may be made by the parish governing authority without prior review and approval by the secretary and the clerk or their designees, except as provided in this Paragraph. Such review shall consist of a determination whether the proposed precinct change coincides with a visible feature depicted on a base map that will be used by the United States Bureau of the Census to determine visible tabulation boundaries for the federal decennial census.
* * *
 G.(1) Notwithstanding the provisions of Subsections A and D of this Section, R.S. 18:1903, and any other law to the contrary, the precinct boundaries submitted to the United States Bureau of the Census by a parish through the secretary of the Senate and the clerk of the House of Representatives or their designees, and approved by the Bureau of the Census as block boundaries for the 2000 Census shall not be divided, abolished, or consolidated, or the boundaries otherwise changed until after December 31, 2003, unless ordered by a court of competent jurisdiction.
 (2)(a) Notwithstanding the provisions of Paragraph (1) of this Subsection, if a parish is unable to meet applicable state and federal guidelines in the creation of its reapportionment plan, such parish may divide a precinct into two or more precincts by a visible feature which is a census tabulation boundary during the time period of September 1, 2002 through March 1, 2002, and during the time period of December 1, 2002 through March 31, 2003.
* * * (Emphasis added).
R.S. 18:532 also provides in very clear terms that each precinct shall be contiguous and compact with clearly observable boundaries on visible features.
The legislature has in very clear language set forth when and how a precinct may be divided. The legislature has also authorized itself to approve or reject precinct changes in boundaries, which includes the division of a precinct.
"When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." LSA-C.C. art. 9.
Your first question is that "in the event that a parish governing authority divides a precinct during the time period provided, then a review of the division determines that the division does not coincide with a visible census tabulation boundary, may the parish governing authority amend the division to coincide with the closest applicable visible census tabulation boundary, despite the amendment being adopted outside of the time period for the division of precincts?" It is our opinion that the law does not provide for such an amendment outside of the window of time provided in R.S. 18:532.1.
Our opinion, as to the second part of your first question is that the effect on the viability of the two precincts is that they were not successfully divided by the parish governing authority.
What can a police jury do in such a situation? They can wait for the next window of December 1, 2002 through March 31, 2003 in which to properly split the precinct, or they can file a court action and ask a court to validate the precincts which were properly split on visible census tabulation boundaries outside of the window of September 1, 2002 through March 1, 2002, as being necessary to accomplish reapportionment.
Question No. 2
 2. An exception to the requirement in R.S. 18:532(B) that precinct boundaries coincide with visible features is the case where the precinct boundary is coterminous with the boundary of a parish or an incorporated place when the boundaries of a single precinct contain the entire geographic area of the incorporated place. In the event that a precinct that is coterminous with an incorporated place is divided pursuant to R.S. 18:532.1(G), such that the two resulting precincts each have non-visible municipal boundaries as part of their new boundaries, may those non-visible precinct lines be adjusted so as to fall on the nearest available visible census tabulation boundaries, without the adjustment being deemed a consolidation of precincts? What is the effect on the two new precincts if the boundaries are not adjusted?
"Each precinct shall be a contiguous, compact area having clearly defined and clearly observable boundaries coinciding with visible features readily distinguishable on the ground and approved extensions of such features, such as designated highways, roads, streets, rivers, or canals, and depicted on United States Bureau of the Census base maps for the next federal decennial census, except where the precinct boundary iscoterminous with the boundary of a parish or an incorporated place whenthe boundaries of a single precinct contain the entire geographic area ofthe incorporated place . . ." R.S. 18:532(B)(1)(a) (emphasis added).
You ask about the division of this one-precinct coterminous boundary municipality. We are of the opinion that a parish governing authority may not divide such a one-precinct coterminous boundary without destroying the exception created in the law quoted above. If the precinct is no longer coterminous with the boundaries of the municipality [and it can not be if it is divided because it would have to be divided on visible features], then the exception provided above is inapplicable and the two split precincts are invalid. Thus, when the governing authority was initially drawing the precincts and chose to make this precinct a coterminous precinct without visible boundaries, it in fact chose to create a precinct that could not later be split pursuant to the provision of law that allows the window for splitting precincts. If we were to opine that the splitting of the one-precinct coterminous boundary municipality could be done and latter fixed to visible boundaries, then we would be acquiescing in the parish's attempt to split a valid precinct so as to create two invalid precincts [on non-visible lines], so that they must change them again to visible lines to make them valid, which does not appear to be the intent of the law in our opinion.
The effect on the two new precincts is the same as stated above to question no. 1; i.e., the precinct was not successfully divided by the parish governing authority.
What can a police jury do in such a situation? They can wait for the next window of December 1, 2002 through March 31, 2003 in which to change the configuration of the single precinct to be on visible census tabulation boundaries and then split the precinct, or they can file a court action and ask a court to validate the redrawing of the single precinct and the split of the precinct, all on visible census tabulation boundaries outside of the window of September 1, 2002 through March 1, 2002, as being necessary to accomplish reapportionment.
Question No. 3
 3. Act No. 123, 2002 1 ES provides for the consolidation of precincts by parish governing authorities. One limitation on the consolidation of precincts is found in R.S. 18:532.1(H)(2)(a):
 . . . the precincts may be consolidated but only when the precincts that are joined are in the same legislative, Public Service Commission, State Board of Elementary and Secondary Education, state, federal, and local governing authority voting district as such districts have been redistricted subsequent to the release of the 2000 federal decennial census.
 Does this provision require that the precincts proposed to be joined be in the same:
a. Justice of the Peace or Constable district?
 b. City Court, District Court, Appellate Court, or State Supreme Court Judicial District or Sub-District?
c. Local Taxing District?
d. Other Local District, such as a Wet/Dry District?
e. Parish Ward?
The requirement that consolidated precincts must be in the same voting district is not new. See, R.S. 18:532.1(B)(2)(a). Neither is review and approval of consolidated precincts by the senate, house and commissioner of elections, basing said review and approval on a determination that consolidations are in the same voting districts. See, R.S.18:532.1(C)(3)(a). Present law provides, "When in order to make it more convenient for voters to vote, it becomes necessary to consolidate all or part of a precinct with adjacent precincts, a part or parts may be consolidated but only when the parts that are joined are in the samestate, local and municipal office voting district." R.S. 18:532.1(B)(2) (emphasis added). "[S]uch review shall consist of a determination whether the proposed consolidation of the precincts establishes a precinct or precincts where all parts of each proposed new precinct are in the same state, local, and municipal office voting district." R.S.18:532.1(C)(3)(a). However, the language of Act 123 is different and more specific than the present law. Act 123 provides, in part:
 H.(2)(a) When in order to make it more convenient for voters to vote, to facilitate the administration of the election process, or to comply with the provisions of R.S. 18:532(B)(1) or (4), it becomes necessary to consolidate a precinct with one or more adjacent precincts, the precincts may be consolidated but only when the precincts that are joined are in the same legislative, Public Service Commission, State Board of Elementary and Secondary Education, state, federal, and local governing authority voting district as such districts have been redistricted subsequent to the release of the 2000 federal decennial census.
It is clear that the legislative intent of Act 123 is for consolidated precincts be in the same legislative, Public Service Commission and State Board of Elementary and Secondary Education districts, as those jurisdictions are specifically named in the law. The phrase "[s]tate, federal, and local governing authority voting district" is not exactly the same as used in present law quoted herein.
The term "governing authority" as used in Act 123 is defined in our Constitution as "[t]he body which exercises the legislative functions of the political subdivision." LSA-Const. Art. VI, § 44 (1974). The examples you presented, i.e., justice of the peace/constable districts; judicial districts; tax districts and/or other proposition districts, do not fall within this constitutional definition of a governing authority.
"All applicable laws on the same subject matter should be construed together so as to produce a harmonious system, if possible." Theriot v.Midland Risk Ins. Co, 694 So.2d 184, 186 (La. 1997). Therefore, in response to your question, it is our opinion that the legislative intent of Act 123 (2002, 1st E.S.) is for precincts to be consolidated within the same legislative districts, public service commission districts, state board of elementary and secondary education districts, state governing authority districts, federal governing authority districts and local governing authority districts, none of which include justice of the peace or constable districts, judicial districts, and/or local taxing or other proposition districts.
Question No. 4
 4. Pursuant to R.S. 17:71.3 school board districts generally shall contain whole election precincts established by the parish governing authority under R.S. 18:532 or 532.1. A number of school boards, determining that they are unable to accomplish redistricting using whole precincts, have requested that the parish governing authority divide one or more precincts, in accordance with R.S. 18:532 and 532.1. However, in a few instances, the requested divisions of precincts was not accomplished prior to the close of the time period for the division of precincts, March 1, 2002. What remedy or alternatives are available to school boards who are currently in the circumstance of being unable to accomplish redistricting, in compliance with the statutory and constitutional requirements of relatively equal population districts, without the division of additional precincts?
We are not aware of any remedy or alternative available to a school board in this circumstance, except possibly court action in conjunction with the police jury, seeking court approval for validation of the precincts which were properly split on visible census tabulation boundaries, but said action was done outside of the window of September 1, 2001 through March 1, 2002, as being necessary to accomplish reapportionment.
Question No. 5
 Does R.S. 18:532.1, as amended by Act No. 123, 2002 1 ES, allow a parish governing authority to simply redraw precinct lines prior to January 1, 2004 to form precincts to be used in redistricting now, or must a parish follow the process for the division of precincts and consolidation of precincts, which process includes certain state approval and federal preclearance requirements?
It is our opinion that Act 123 (2002, 1st E.S.) was enacted to allow parish governing authorities to consolidate certain precincts and basically provides for 2 changes in the law: (1) delays the effective date of divided precincts until 7/20/03, which will prevent those divided precincts from interfering with the upcoming fall 2002 elections. However, when the parish governing authority and parish school board district lines are coterminous, the parish governing authority may consolidate precincts by ordinance adopted prior to 8/1/02, subject to approval of the senate, house, commissioner of elections and preclearance; and (2) the law provides for a time frame, 12/1/02 through 3/31/03, when a parish governing authority may consolidate precincts, provided they have completed redistricting and received preclearance. Thus, in response to your question, it is our opinion that Act 123 does not authorize a parish governing authority to redraw precinct lines as indicated above, but the act does allow them to consolidate precincts in accordance therewith, subject to state and federal approval.
Trusting that this opinion addresses and answers all of your concerns and questions, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
Cc: Hon. Suzanne Haik Terrel Hon. W. Fox McKeithen LA School Board Association Hon. John J. Hainkel, Jr., President of the Senate Hon. Charlie DeWitt, Speaker of the House Mike Baer, Secretary of the Senate A.W. Speer, Clerk of the House Registrar of Voters Association Clerks of court Association
Date Released: July 23, 2002